**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DORIS GAIL SCUDERI,

    Plaintiff,

vs.                                                       Case No. 3:10-cv-584-J-34JRK

STATE OF FLORIDA and
JUDGE ELIZABETH SENTERFITT,

    Defendants.
_____

**ORDER**[1]

This case is before the court sua sponte. Plaintiff, who is proceeding pro se, filed her initial Complaint against Defendants on July 6, 2010, alleging a civil rights violation in connection with her son's "criminal court case," and seeking equitable relief. (Doc. 1; Complaint). On October 15, 2010, the State of Florida and the Honorable Elizabeth Senterfitt ("Defendants") filed a Motion for Enlargement of Time to File Response to Complaint (Doc. 4; Motion for Enlargement of Time). Defendants stated in their motion that they were served on September 21, 2010, with the Summons, a "Complaint," which is different from the Complaint filed with the Court, and an "Amended Complaint." Motion for Enlargement of Time at 1-2; see also Doc. 4-1 (Served Complaint and Amended Complaint). The Court granted the Motion for Enlargement of Time and ordered that the Defendants shall

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

have until November 12, 2010, to file their response to the Complaint. (Doc. 5; 10/18/10 Order). To date, Defendants have not yet filed their response.

On October 19, 2010, Plaintiff filed an "Amended Complaint." (Doc. 6; Amended Complaint). In the Amended Complaint, Plaintiff refers to her initial Complaint, attempting to "change" paragraphs and the relief sought in the initial Complaint., and providing explanations for the changes. Amended Complaint at 2-3. Plaintiff's "Amended Complaint" fails to conform to the Federal Rules of Civil Procedure.

While pro se complaints are to be held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant must still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007)(quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997)(citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006)(emphasis omitted).

> Rule 10(b) Federal Rules of Civil Procedure provides, in pertinent part:
>> A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . .

Fed. R. Civ. P. 10(b).  See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).

Under Rule 15(a), Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course" at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a)(1).  An amended complaint supercedes the original complaint, and the only issues before the Court are the ones raised in the text of the amended document.  Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982); Smith v. Polk County, Fla., No. 8:05-CV-873-T-30MSS, 2005 WL 2129189, at * 1 (M.D. Fla. 2005).  "'[T]he original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" Riley, 222 F. App'x at 898 (11th Cir. 2007)(quoting Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006)).  An amended complaint may not refer to or incorporate any allegations of the initial complaint.  See Id.

Here, Plaintiff's Amended Complaint attempts to "change" allegations in her initial Complaint, and add additional allegations and explanations, contrary to the governing rules of procedure.  Additionally, as written, Plaintiff's Amended Complaint fails to articulate her claims "with sufficient clarity to allow [Defendants] to frame a responsive pleading." Lampkin-Asam v. Volusia County Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008).  For these reasons, the Amended Complaint is due to be stricken.  Plaintiff will be permitted to file another Amended Complaint.

The Amended Complaint must include all of Plaintiff Scuderi's claims in this action. It must be self-contained and it may not refer back to the Plaintiff's original filings. Plaintiff is reminded that federal courts are courts of limited jurisdiction and her amended complaint must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a)(1).  Plaintiff must set forth with specificity the nature of her causes of action and how each defendant is involved in the alleged wrongdoing. Plaintiff is further advised that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 10(b) states that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Finally, Federal Rule of Civil Procedure 8(a)(3) requires a complaint include "a demand for the relief sought."

Upon due consideration, it is hereby

**ORDERED**:

1. Plaintiff's Amended Complaint (Doc. 6) is **STRICKEN**.

2. Plaintiff shall file an Amended Complaint consistent with the directives of this Order and the Rules of Procedure on or before **November 5, 2010**.  Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.[2]

**DONE AND ORDERED** in Jacksonville, Florida, this 22nd day of October, 2010.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc12
Copies to:

Unrepresented Party
Counsel of Record

---

[2] The deadline set forth in the Court's 10/18/10 Order (Doc. 5) is **VACATED**.